UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK LECH,<br>    Plaintiff<br><br>v.<br><br>BESTFOODS BAKING DISTRIBUTION<br>COMPANY, ARNOLDS FOODS COMPANY,<br>INC., UNILEVER, INC. | CIVIL ACTION NO.<br>3:00CV2303(AHN)<br><br><br><br><br><br><br>JULY 16, 2004 |

### MOTION FOR RELIEF FROM JUDGMENT

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 60(b)(1) and 60(b)(6) and Local Rule 41(a), the plaintiff Mark Lech ("Lech") hereby moves for relief from the judgment entered by this court on July 25, 2003 and Order of Dismissal entered by this court on June 27, 2003.

The Court should grant this Motion for Relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) because the facts and circumstances set forth in the accompanying Memorandum of Law in Support of Motion for Relief from Judgment ("Memorandum of Law") demonstrate mistake, inadvertence, surprise or excusable neglect by Lech's attorney, Ronald Lepine, which caused the judgment to be entered by the Court. In addition, Lech is bringing this Motion for Relief from Judgment within one year from the entry of judgment by the Court.

ORAL ARGUMENT IS REQUESTED
368346

In the alternative, if the Court finds that Lech is not entitled to relief under Fed. R. Civ. P. 60(b)(1), the Court should find that Lech is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(6) in that the judgment entered because exceptional circumstances existed which were caused by a truly extraordinary turn of events not covered otherwise within Fed. R. Civ. P. 60(b). As set forth in the attached Memorandum of Law, Lech's attorney, Ronald Lepine, was suffering from a mental disorder that prevented him from properly representing Lech in this case. When Lepine first began representing Lech in August 2000, Lepine did not manifest any symptoms of his mental illness. However, by March 2003, Lepine's illness caused the Court to enter a dismissal of this case and, ultimately, judgment against Lech. Lech attempted to stay abreast of the progress of the case by regularly contacting Lepine. However, Lepine misinformed Lech as to the status of the case. In addition, as set forth in this Court's decision denying the defendants Motion to Dismiss and Motion for Summary Judgment, the plaintiff has a meritorious claim for damages against the defendants and, therefore, should be given the opportunity to pursue his case to a trier of fact. In addition, Lech has a meritorious claim that the defendants violated the Connecticut Franchise Act. Connecticut General Statutes §42-133e et seq.

In addition to relief under Fed. R. Civ. P. 60(b), the Court should rescind the order pursuant to Local Rule 41(a). Pursuant to Local Rule 41(a), any order entered under this Local Rule "may be suspended, altered, or rescinded by the Court for cause shown." In the

368346                                                    2

accompanying Memorandum of Law, Lech sets forth ample cause for the Court to rescind its order of dismissal entered pursuant to Local Rule 41(a).

WHEREFORE, either under Fed. R. Civ. P. 60(b)(1) or 60(b)(6) or Local Rule 41(a), Lech is entitled to relief from the judgment entered by this court on July 25, 2003. Lech attaches a Memorandum of Law hereto and incorporates the Memorandum of Law into this Motion.

Respectfully submitted,

MARK LECH

By:  *Brad Mondschein* (signature)
Brad N. Mondschein
Fed. Bar No. ct13800
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford, Connecticut  06123
Telephone:   (860) 548-2600
Facsimile:    (860) 548-2680
Email:         bmondschein@uks.com

368346                                          3

**CERTIFICATION**

A copy of the foregoing has been mailed by first class mail, postage prepaid this 16th day of July, 2004, to all counsel of record as follows:

Robert Horowitz, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

By: *[signature]*
BRAD N. MONDSCHEIN, ESQ.
Updike, Kelly & Spellacy, P.C.