UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MARK LECH,<br>    Plaintiff<br><br>v.<br><br>BESTFOODS BAKING DISTRIBUTION<br>COMPANY, ARNOLDS FOODS COMPANY,<br>INC., UNILEVER, INC. | CIVIL ACTION NO.<br>3:00CV2303(AHN)<br><br><br><br><br><br><br><br>AUGUST 13, 2004 |

## REPLY BRIEF

    Pursuant to Local Rule 7(d), the plaintiff Mark Lech ("Lech") hereby files this Reply Brief to the Defendants' Opposition to Lech's Motion for Relief from Judgment. The Defendants' Opposition fails to provide any reason for the Court to deny Lech's Motion for Relief from Judgment. The Court should find that Lech is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(6) in that the judgment entered because exceptional circumstances existed which were caused by a truly extraordinary turn of events not covered otherwise within Fed. R. Civ. P. 60(b).

    Lech's attorney, Lepine, was suffering from a mental disorder that prevented him from properly representing Lech in this case. When Lepine first began representing Lech in August 2000, Lepine did not manifest any outward symptoms of his mental illness. However, as set forth in the Defendants' own Opposition, Lepine was already being reprimanded by the Statewide Grievance

371007

Committee for numerous ethical lapses and poor judgment. Although Lepine refuses to admit the onset of his mental illness earlier than 2002, it clear from all of the circumstances submitted to the Court by both Lech and the Defendants that Lepine suffered from severe emotional issues that caused Lepine to improperly represent Lech.

In addition, as set forth in this Court's decision denying the defendants Motion to Dismiss and Motion for Summary Judgment, the plaintiff has a meritorious claim for damages against the Defendants and, therefore, should be given the opportunity to pursue his case to a trier of fact. In addition, Lech has a meritorious claim that the defendants violated the Connecticut Franchise Act. Connecticut General Statutes §42-133e et seq.

## I.  EXTRAORDINARY CIRCUMSTANCES EXIST

In United States v. Cerami, 563 F.2d 26, 31-32 (2d Cir. 1977) ("Cerami II"), the Second Circuit Court of Appeals set forth its rule for granting relief from judgment in circumstances when an attorney is suffering from a mental illness. The circumstances must be more than "mere neglect". Id. at 35. As the Second Circuit pointed out, personal problems and mental illness constitute more than mere neglect. This concept has been further explained by two District Court opinions within the Second Circuit. In In re Benhil Shirt Shops, Inc., 87 B.R. 275, 278 (S.D.N.Y 1988), the Court stated that "it does not require medical expertise to know that when a competent veteran attorney suddenly fails to perform, and covers up his non-performance by lying to his clients . . ., something is

obviously wrong with him. There is no reason to demand medical proof when the facts speak for themselves." Further, in Nurani v. Marissa Limited, 151 F.R.D. 32, 35 (S.D.N.Y. 1993), "the crucial issue is not whether former counsel was mentally or physically capable of performing some of the tasks required in [his] practice, or even whether [he] actually discharged some of [his] professional obligations during the relevant time period; less than total disability may constitute an extraordinary medical condition under Rule 60(b)(6)."

The Defendants ignore the Second Circuit precedent and simply attempt to differentiate Cerami II from the instant case. First, the Defendants point to the fact that Lepine filed a Motion for Relief from Judgment and followed up on the payment to Lech by the Defendants. The Defendants, however, fail to acknowledge, as they must, that Lepine's Motion for Relief was woefully deficient and failed to set forth even the simplest legal argument for relief. Further, as stated by the District Court in Nurani, although Lepine did continue to misrepresent his actions to Lech relating to representation, filed a deficient Motion for Relief and contacted opposing counsel regarding payments to Lech, such actions did not provide any indication to the Court or to Horowitz that representation continued. In addition, as Nurani points out, "less than total disability may constitute an extraordinary medical condition under Rule 60(b)(6)." Further, Lepine admits that his failure to represent Lech in the case was his mental condition.

The Defendants also point out that Lech's problems with Lepine began in September 2000 when he failed to timely provide documents and to timely file the Complaint. While this may be true, these facts simply indicate that Lepine's mental condition began earlier than Lepine is willing to admit in his affidavit. In fact, Lepine's grievance complaints and affidavit (which states that he is awaiting admission into the Veteran's Hospital) shows that his acceptance of a mental disorder is a recent development.

The Defendants point to one Grievance decision where the Court finds Lepine's mental condition as "largely negligent." The Defendants, however, fail to place this statement of the Court in its proper context. When this statement is read in its full context, the Court is simply stating that Lepine was not acting maliciously or intentionally. Certainly, a person with a mental disorder is not acting in a malicious or intentional manner. As Cerami II points out, malicious and intentional conduct is not required or expected. Instead, more than "mere neglect" is required. The Defendants cite to a slew of Grievance complaints against Lepine. These show a steady mental decline that Lepine has finally acknowledged existed.

Finally, the Defendants cite an Arizona case which is inapplicable to the instant case. Cerami II is the law of the Second Circuit and the Second Circuit acknowledges that its rule on extraordinary circumstances may be different that other parts of the country.

## II. RELEASE IS INAPPLICABLE

The Defendants claim that they signed a Release on Lech's behalf as its agent. The Defendants further claim that this Release prevents Lech from pursuing its claims against them. The Defendants argument rings hollow because if Lech proves that the Defendants violated the Connecticut Franchise Act and breached its contract, then the Defendants had no authority to sign the Release. In fact, the signing of the Release by the Defendants is a violation of its fiduciary duties as his agent and provides Lech another cause of action against the Defendants. The Defendants are, in fact, arguing that Lech is barred from pursuing his claims because the Defendants released themselves by signing a Release on behalf of Lech. This fox guarding the henhouse argument must fail.

## III. BREACH OF CONTRACT

Lech addressed the merits of the breach of contract in his Motion for Relief and will not address that further in the Reply other than to state that the Court found an issue of fact relating to the marketing of the route and the amount received for the route. Further, during the course of the case, Lech will show that the alleged breach relating to the Tower Ridge Country Club is, in fact, not a violation of the Distribution Agreement. According to the Distribution Agreement, attached to the Opposition as <u>Exhibit A</u>, Lech is required to service "Outlets". As defined in Schedule B to the

Distribution Agreement, Tower Ridge Country Club is not an "Outlet" and therefore is not required to be serviced by Lech.

## IV.   CONNECTICUT FRANCHISE ACT

Regardless of the merits of the breach of contract allegations by the Defendants, which allegations Lech strenuously denies, the Defendants were required to comply with the Connecticut Franchise Act in its termination procedures.  There is no doubt that the Defendants violated the Connecticut Franchise Act because they terminated the franchise agreement on 3 days notice.  As shown on <u>Exhibit B</u> to Lech's Motion, the Defendants stated "your Distribution Agreement is terminated immediately."  The fact that the Defendants may have provided Lech 90 days to sell his Distribution rights does not relieve them from the termination violation.  Further, Lech will show that the alleged breaches did not constitute "good cause" under the Connecticut Franchise Act because the alleged breaches were not material to Lech's overall route and, in the case of Tower Ridge Country Club, were not required under the Distribution Agreement.

The Defendants only response to the clear violation of the Connecticut Franchise Act is that the claim is barred by the statute of limitations.  However, there is no statute of limitation set forth in the Connecticut Franchise Act for franchise act claims.  Conn. Gen. Stat. §42-133g.  Instead, the closest statute of limitations is that of contract law, which is six years.  Conn. Gen. Stat. §52-576.  The Defendants make an unsupported assertion that the statute of limitations is three years.  The

Defendants cannot cite to any statutory reference or caselaw to support this statement because none exist.

**V.     CONCLUSION**

Overall, Lech continues to demonstrate that he is entitled to relief from the judgment of this Court against him.  Lech has demonstrated that he has a meritorious claim which should be adjudged by this Court.  The only reason for the judgment entering against him was the mental disability of his former counsel.

        Respectfully submitted,

        MARK LECH

        _____
        By: Brad N. Mondschein
           Fed. Bar No. ct13800
           Updike, Kelly & Spellacy, P.C.
           One State Street, 24th Floor
           Hartford, Connecticut  06123
           Telephone: (860) 548-2600
           Facsimile: (860) 548-2680
           Email: bmondschein@uks.com

## **CERTIFICATION**

A copy of the foregoing has been mailed by first class mail, postage prepaid this 13th day of August, 2004, to all counsel of record as follows:

Robert Horowitz, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY  10166

By:_____
BRAD N. MONDSCHEIN, ESQ.
Updike, Kelly & Spellacy, P.C.
